UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**YVONNE RICARD, an individual**

  **Plaintiff,**

V.            Case No:  2:11-CV-720-FtM-UASPC

**INTERNATIONAL BUSINESS
MACHINES CORPORATION and
METROPOLITAN LIFE
INSURANCE COMPANY**

  **Defendants.**

_____/

**ORDER**

  This case came on for a Preliminary Pretrial Conference on April 4, 2012. The Plaintiff, Yvonne Ricard, filed an Unopposed Motion to Re-Designate Case From Track One Designation to Track Two Designation (Doc. #15) filed on March 30, 2012.  Pursuant to M.D. Fla. Local Rule 3.01(g), the Plaintiff conferred with the Defendant who does not oppose the Motion.  At the hearing, the Court discussed the expected progress of this case and the pending Motion.

  The Plaintiff moves the Court to re-designate the instant case as a Track 2 case in order to facilitate discovery.  The Plaintiff claims that she submitted a timely administrative appeal to MetLife on July 16, 2010, and submitted additional information in support of her administrative appeal to MetLife on August 9, 2010, and separately on October 27, 2010. *See* (Doc. 1, p. 8-9). On November 1, 2010, undersigned Plaintiff's counsel was advised that MetLife had

1

(incorrectly) issued a denial letter, and on December 9, 2010, following contact by undersigned Plaintiff's counsel, MetLife re-opened its review of the administrative appeal submitted on July 16, 2010, and supplemented on August 9, 2010 and October 27, 2010. *Id.* As of the date of the filing of the Complaint initiating the subject civil action, on December 28, 2011, MetLife had failed to make a claim determination on Ms. Ricard's administrative appeal. Even using the latest date of December 9, 2010, to determine when the forty-five days that MetLife had to make a decision on this appeal began (and any justifiable forty-five day extension of time that MetLife was permitted to take in its review of said appeal), MetLife far exceeded the timeframe permitted to it within which it must render a claim determination in an ERISA benefit claim. *See* 29 C.F.R. § 2560.503-1(i)(3), (i)(1) (addressing these timeframes by which MetLife was required to make a benefit determination in this ERISA-governed disability benefits claim).

  As such, the Plaintiff states that the de novo standard of review must be used in this case because the Defendant failed to use its discretion in making a determination regarding the Plaintiff's administrative appeal of her claim. Coates v. Guardian Life Ins. Co. of America, 2008 WL 269133 (M.D. Fla. January 30, 2008) (holding that the de novo standard of review is used in ERISA cases where there is a deemed denial). Discovery in an ERISA disability case is permissible on a limited basis, with focus on the claim administrator's decision-making. *See* Rosser–Monahan v. Avon Products, Inc.*,* 227 F.R.D. 695, 698 (M.D.Fla.2004); Lake v. Hartford Life & Acc. Ins. Co., 218 F.R.D. 260, 261 (M.D.Fla.2003); Cerrito v. Liberty Life Assurance Co. of Boston, 209 F.R.D. 663, 664 (M.D.Fla.2002).

2

In <u>Cerrito</u>, the Court found that limited Discovery was appropriate in ERISA to permit the Court to evaluate:

    1. The exact nature of the information considered by the fiduciary making the decision;

    2. Whether the fiduciary was competent to evaluate the information in the administrative record;

    3. How the fiduciary reached its decision;

    4. Whether given the nature of the information in the record it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "full and fair review" of the claim; and

    5. Whether a conflict of interest exists.

<u>Fish v. Unum Life Ins. Co. of America</u>, 229 F.R.D. 699, 701 (M.D. Fla. 2005) (citing <u>Cerrito</u>, 209 F.R.D. at 664 (citations omitted). Here, the Plaintiff asks the Court for discovery into the areas allowed by the <u>Cerrito</u> Court. While the Plaintiff states that the ERISA case is therefore more suited to a Track 2 case, this Court has allowed ERISA discovery pursuant to the <u>Cerrito</u> guidelines without re-designating the case as a Track 2. Thus, the Motion to re-designate to a Track 2 is due to be denied, however, <u>Cerrito</u> discovery will be allowed. A second preliminary pretrial conference will be held after the discovery has been completed as outlined below.

Accordingly, it is now

**ORDERED:**

**(1)** The Administrative Record shall be filed no later than **MAY 3, 2012**.

3

**(2)** The Plaintiff, Yvonne Ricard's Unopposed Motion to Re-Designate Case From Track One Designation to Track Two Designation (Doc. #15) is **GRANTED in part and DENIED in part.**

   a. The Plaintiff, Yvonne Ricard's Motion for Discovery is **GRANTED**. However, the discovery is limited to those issues and areas outlined by the Court in Cerrito v Liberty Life.

   b. The Plaintiff, Yvonne Ricard's Motion to Re-Designate the Case as a Track 2 case is **DENIED without prejudice**.

**(3)** The case is set for a Preliminary Pretrial Conference on **JULY 31, 2012 at 9:15 A.M.** Counsel that wish to appear by telephone shall contact Leslie Hinton, Courtroom Deputy, to provide contact information.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd Day of April, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record