UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YVONNE RICARD,

    Plaintiff,

v.                              CASE NO. 2:11-CV-720-FTM-99SPC

INTERNATIONAL BUSINESS
MACHINES CORPORATION,
etc., et al.,

    Defendants.
_____/

METROPOLITAN LIFE
INSURANCE COMPANY,

    Counter-Plaintiff,

vs.

YVONNE RICARD,

    Counter-Defendant/
_____/

ORDER

This cause is before the Court on:

Dkt. 22    Motion to Dismiss Counterclaim
Dkt. 23    Response in Opposition

In this ERISA case, Count I is brought pursuant to 29 U.S.C. Sec. 1132(a)(1)(B), in which Plaintiff seeks to recover LTD Plan benefits, enforce rights under an LTD Plan, and clarify entitlement to LTD Plan benefits, asserted against Defendants International

Case No. 2:11-CV-720-FTM-UA-SPC

Business Machines Corporation ("IBM") and Metropolitan Life Insurance Company. Count II is brought pursuant to 29 U.S.C. Sec. 1132(a)(1)(B), in which Plaintiff seeks to recover LTD Plan waiver of premium benefit, enforce rights under the LTD Plan and clarify entitlement to LTD Plan waiver of premium benefit as to both Defendants. Count III is brought pursuant to 29 U.S.C. Sec. 1132(a)(1)(B), in which Plaintiff seeks to recover continued IBM Plan benefits, enforce rights under IBM employee benefit Plans and clarify entitlement to continued IBM Plan benefits, as to both Defendants. Count IV is brought pursuant to 29 C.F.R. Sec. 2560.503-1(h) and 29 U.S.C. Sec. 1132(c), in which Plaintiff seeks penalties and to enforce rights under the LTD Plan.

Defendants IBM and Metropolitan Life Insurance Company filed an Amended Answer (Dkt. 19), and Counter-Plaintiff Metropolitan Life Insurance Company asserts a Counterclaim against Counter-Defendant Yvonne Ricard. Count I of the Counterclaim is an action for equitable relief under ERISA, enforcing the terms of the Plan, seeking imposition of a constructive trust and restitution of the overpayment [of LTD benefits], plus interest, the imposition of an equitable lien against discrete and identifiable assets, and the award of attorney's fees and costs. Count II of the Counterclaim is a claim for unjust enrichment under federal common law, in which Counter-Plaintiff seeks the entry of judgment in the amount of the overpayment, plus reasonable costs and attorney's fees. In the Counterclaim, Counter-Plaintiff seeks to recoup the overpayment of LTD benefits paid to Counter-Plaintiff resulting from the retroactive award and payment of SSDI benefits, in the amount of $36,469.11, minus the fee paid to Counter-Defendant's representative for the SSDI claim, plus interest and attorney's fees and costs. The Summary Plan Description ("SPD") and Certificate Booklet are attached to the Counterclaim.

Counter-Defendant Ricard moves to dismiss Counter-Plaintiff's Counterclaim on the basis that it does not state a cause of action cognizable under ERISA. Counter-Defendant Ricard argues that Counter-Plaintiff has relied on the terms of the Plan,

Case No. 2:11-CV-720-FTM-UA-SPC

without providing a supporting Plan document. Counter-Defendant further argues that in Count I Counter-Plaintiff is asserting a cause of action seeking a money judgment, a legal remedy not available under ERISA, under the "guise of request for imposition of a constructive trust and restitution of the overpayment received by [Counter-Plaintiff]. " Counter-Defendant argues that she does not have the specifically identifiable funds in her possession. Counter-Defendant Ricard further argues that Count II of the Counterclaim must be dismissed, as unjust enrichment is not a remedy provided under ERISA.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. Two working principles underlie Twombly. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. See Ashcroft v.

Case No. 2:11-CV-720-FTM-UA-SPC

Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II. Discussion

A. Count I

Counter-Plaintiff alleges that Counter-Plaintiff paid Counter-Defendant LTD benefits from December 28, 2007 to December 27, 2009, without any estimated offset for SSDI benefits. Counter-Defendant's SSDI claim was approved with a finding of disability as of July 1, 2007, in a decision dated 1/11/2011 (Dkt. 19-4), and she received a retroactive lump sum SSDI payment and monthly payments thereafter.

The Court notes the provisions of the SPD and the Certificate Booklet, which expressly provide for recoupment of overpaid benefits (Dkt. 19-1, pp. 17-18; 19-2, pp. 34, 43), and that Counter-Defendant executed a Reimbursement Agreement (Dkt. 19-3). At this stage, the Court will assume that the provisions of the SPD and Certificate Booklet mirror the terms of the applicable Plan.

In Count I, Counter-Plaintiff seeks to impose a constructive trust or equitable lien on "particular funds or property" in Plaintiff's possession. Sereboff v. Mid Atlantic Med. Servs., Inc., 547 U.S. 356, 363-65 (2006). Counter-Plaintiff's claim is a permissible claim in equity under 29 U.S.C. Sec. 1132(a)(3). See Johnson v. Hartford Life and Accident Life Ins. Co., 2010 WL 2179117 (M.D. Fla. 2010); Schlenger v. Fidelity Employer Services Co., 785 F.Supp.2d 317, 333-335 (S.D.N.Y. 2011). While Counter-Defendant alleges that she no longer has the funds in her possession, that fact does not mean that Count I fails to state a claim cognizable under ERISA.

After consideration, Counter-Defendant's Motion to Dismiss is **denied** as to Count I.

Case No. 2:11-CV-720-FTM-UA-SPC

B.  Count II

The elements of a claim for unjust enrichment are: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit, and 2) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. See Unum Life Ins. Co. of Am. v. O'Brien, 2004 WL 2283559 at *5 (M.D. Fla. 10/4/2004). The Court also notes that 42 U.S.C. Sec. 407 does not preclude Counter-Plaintiff's claims.

After consideration, Counter-Defendant's Motion to Dismiss is **denied** as to Count II.  Accordingly, it is

**ORDERED** that Counter-Defendant's Motion to Dismiss Counterclaim is **denied**.

DONE and ORDERED in Chambers, in Tampa, Florida on this 25th day of July, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record